Patrick D. Paschall, Esq. (SBN 265458)
PASCHALL LAW
4085 Pacific Highway, Suite 106
San Diego, CA 92110
Tel.: (619) 977-7099
Fax: (619) 916-2132
Email: Patrick@PaschallLaw.com

Attorney for Plaintiff,
DOBRINA RUSSELL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOBRINA RUSSELL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WYNDHAM VACATION RESORTS, INC., a Delaware corporation; PTVO OWNERS ASSOCIATION, INC., a Delaware corporation; and, DOES 1-25, inclusive, <br><br> Defendants. | Case No. 3:22-CV-00880-L-AGS <br><br> **PLAINTIFF DOBRINA RUSSELL'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS** <br><br> Date:   July 25, 2022 <br> Time:   10:30 a.m. |

Plaintiff DOBRINA RUSSELL ("Dobrina") hereby submits the following Opposition to Defendants WYNDHAM VACATION RESORTS, INC. ("Wyndham") and PTVO OWNERS ASSOCIATION, INC. ("PTVO," and collectively with Wyndham as "Defendants") Motion to Compel Arbitration and Stay Court Proceedings:

## I.

## INTRODUCTION

This case arises from Defendants callously, fraudulently, and despicably violating the Elder Abuse and Dependent Adult Civil Protection Act by unlawfully persuading Dobrina, a vulnerable elder, to purchase four (4) separate timeshare interests for more than $200,000.00 within approximately five (5) months, from November 2020 through

1  May 2021.  Defendants' conduct includes but is not limited to persuading Dobrina, a
2  single, English-Second-Language, Bulgarian woman, to take a loan against her
3  retirement funds to afford the timeshare interests.
4      Defendants' Motion to Compel Arbitration and Stay Court Proceedings is correct
5  that Dobrina entered into arbitration agreements pursuant to each of the timeshare
6  agreements with Defendants.  As such, pursuant to those agreements, Dobrina filed a
7  demand for arbitration with the American Arbitration Association ("AAA").
8      However, shortly thereafter, the parties were informed by AAA that Defendants
9  had failed to comply with AAA's policies and protocols regarding consumer claims.
10 AAA thus could not proceed with administration of the case and informed Dobrina to
11 submit her dispute to the appropriate court for resolution.
12     Consequently, Defendants' instant Motion should be denied since Defendants
13 breached the arbitration agreements and/or waived the arbitration agreements by virtue
14 of their failure to comply with AAA's policies and protocols.

## II.
## STATEMENTS OF PERTINENT FACTS AND PROCEDURAL HISTORY

17     On March 9, 2022, Dobrina, via her attorney of record, Patrick D. Paschall ("Mr.
18 Paschall"), filed a Demand for Arbitration against Defendants with AAA, Case No. 01-
19 22-0001-0099.  (Declaration of Patrick D. Paschall ("Paschall Decl."), ¶ 2.)
20     Shortly thereafter, Mr. Paschall sent the Demand for Arbitration and the Basic
21 Filing Information provided by AAA to Defendants' Registered Agent for Service of
22 Process in Delaware, Corporation Service Company.  Mr. Paschall also emailed the same
23 arbitration initiating documents to Wyndham's Consumer Affairs Department and
24 Wyndham's Consumer Affairs Senior Specialist, Daniel Luke.  (Paschall Decl., ¶ 3.)
25     On or around April 4, 2022, AAA sent a letter to Mr. Paschall and Wyndham
26 informing them of the following:
27 ///
28 ///

> "Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").
> Prior to the filing of this arbitration, Wyndham Vacation Resorts, Inc. failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, which can be found on our web site, www.adr.org. Accordingly, we must decline to administer this claim and any other claims between Wyndham Vacation Resorts, Inc. and its consumers at this time. Please note that, for cases proceeding under the Consumer Rules, the AAA reviews the relevant arbitration agreement for material compliance with the Protocol and the Consumer Rules. The AAA's review is administrative; it is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable, nor is it a determination regarding the arbitrability of the dispute.
> We have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution."

(Paschall Decl., ¶ 4.)

As such, on April 5, 2022, Dobrina filed a Complaint in San Diego Superior Court Case No. 37-2022-00012698-CU-BT-CTL. (Paschall Decl., ¶ 5.)

Dobrina personally served Wyndham on April 14, 2022. However, Mr. Paschall was contacted by Defendants counsel, Jessica Walker, on or around April 27, 2022, who disputed proper service but informed Mr. Paschall Defendants had authorized her to accept service on behalf of Defendants via Notice of Acknowledgment and Receipt. Defendants emailed their respective signed Acknowledgment of Receipts to Mr. Paschall on May 17, 2022, which were filed soon thereafter with the Superior Court. (Paschall Decl., ¶ 6.)

On June 16, 2022, Defendants filed a Notice of Removal to this Court. (Paschall Decl., ¶ 7.)

On June 23, 2022, Defendants filed the instant Motion. (Paschall Decl., ¶ 8.)

///
///
///
///

## III.

## LEGAL ARGUMENT

Defendants breached and or waived the arbitration agreements between Dobrina and Defendants by failing to comply with AAA's policies regarding consumer claims set forth in AAA's Consumer Due Process Protocol and the Consumer Arbitration Rules, "including the Costs of Arbitration." Accordingly, Dobrina respectfully requests this Court deny Defendants' instant Motion in its entirety and allow this case to proceed in this Court.

**A.  Defendants Materially Breached The Arbitration Agreements.**

A party who is in material breach of an arbitration agreement cannot compel arbitration. (*Brown v. Dillard's, Inc.* (9th Cir. 2005) 430 F.3d 1004, 1010-1012.)

Here, Dobrina served her Demand for Arbitration upon Defendants and Defendants were not able to participate as a result of their failure to comply with AAA's policies regarding consumer claims set forth in AAA's Consumer Due Process Protocol and the Consumer Arbitration Rules, "including the Costs of Arbitration."

"A bedrock principle of California contract law is that 'he who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.'" *Id.* at 1010 (citing *Pry Corp. of Am. v. Leach* (1960) 177 Cal.App.2d 632).)

By failing to comply with AAA's policies regarding consumer claims set forth in AAA's Consumer Due Process Protocol and the Consumer Arbitration Rules, "including the Costs of Arbitration," Defendants have also failed to comply with the conditions and agreements of the arbitration agreements on their part to be performed.

Therefore, Defendants have breached the arbitration agreements and their instant Motion should be denied as a consequence.

**B.  Defendants Waived The Arbitration Agreements.**

The right to compel arbitration arises from the parties' contract and, as with other contractual rights, is subject to waiver. Such waiver may be express or implied from the

parties' conduct.  (See Cal. Civ. Proc. Code § 1281.2; *Davis v. Blue Cross of Northern Calif.* (1979) 25 Cal.3d 418, 425; *Fisher v. A.G. Becker Paribas Inc.* (9th Cir. 1986) 791 F.2d 691, 694.)

Waiver usually "denotes the voluntary relinquishment of a known right," but "it can also refer to the loss of a right as a result of a party's failure to perform an act it is required to perform, regardless of the party's intent to relinquish the right." (*Saint Agnes Med. Ctr. v. PacifiCare of Calif.* (2003) 31 Cal.4th 1187, 1195, fn. 4.)  In this latter circumstance, waiver is similar to "a forfeiture arising from the nonperformance of a required act." (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 944.)

"In the arbitration context,  … 'waiver' has also been used as a shorthand statement for the conclusion that a contractual right to arbitration has been lost." (*Saint Agnes Med. Ctr.*, 31 Cal.4th at 1195, fn. 4 (internal citation omitted).)

A party seeking to prove waiver of a right to arbitration must demonstrate "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration." (*United States v. Park Place Assocs., Ltd.* (9th Cir. 2009) 563 F.3d 907, 921.)

Here, Defendants had knowledge of the arbitration agreements within the timeshare contracts with Dobrina but failed to comply with AAA's policies regarding consumer claims set forth in AAA's Consumer Due Process Protocol and the Consumer Arbitration Rules, "including the Costs of Arbitration."  As such, the first two prongs under *United States v. Park Place Assocs. Ltd.* are established.

Further, Dobrina would be significantly prejudiced if forced to arbitrate her claims. In *Brown v. Dillard's, Inc.*, an employer conceded that it knew of its right to arbitrate a wrongful termination claim and that its refusal to arbitrate was an act inconsistent with that right. (430 F.3d at 1012-1013.)  There, the delay and costs incurred by the employee because of the employer's initial refusal to arbitrate were prejudicial, supporting a finding of waiver.  *Id.*

///

Here, Dobrina has been prejudiced by the delay and costs incurred due to Defendants' failure to comply with AAA's consumer policies and protocols. Dobrina is an elder whose rights are prejudiced the longer this case continues bouncing around tribunals and avoiding the merits. She has paid filing fees associated with the Complaint in Superior Court and only did so as a result of Defendants' failure to comply with their arbitration agreement conditions. Dobrina would further be prejudiced by not being afforded to have her claims decided by a jury after Defendants have delayed this matter for so long despite knowing it failed to comply with AAA's consumer policies and protocols. (Paschall Decl., ¶ 9.)

Importantly, AAA has expressly stated that they cannot administer the arbitration as a result of Defendant's failures to comply with their responsibilities with AAA, namely failing to pay the costs of arbitration. Defendants have therefore waived their right to have Dobrina's claims arbitrated and Dobrina respectfully requests this Court deny Defendants' instant Motion so this matter can proceed in this Court.

### C. Defendants' Failure To Comply With AAA's Consumer Policies And Protocols Is Tantamount To Violating Cal. Civ. Proc. Code § 1281.97, Thus Waiving The Right To Compel Arbitration.

Cal. Civ. Proc. Code § 1281.97 provides as follows:

"(a)(1) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.
(2) After an employee or consumer meets the filing requirements necessary to initiate an arbitration, the arbitration provider shall immediately provide an invoice for any fees and costs required before the arbitration can proceed to all of the parties to the arbitration. The invoice shall be provided in its entirety, shall state the full amount owed and the date that payment is due, and shall be sent to all parties by the same means on the same day. To avoid delay, absent an express provision in the arbitration agreement stating the number of days in which the parties to the arbitration must pay any required fees or costs, the arbitration provider shall issue all invoices to the parties as due upon receipt.
(b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may do either of the following:

(1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction.
(2) Compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration.
(c) If the employee or consumer withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction under paragraph (1) of subdivision (b), the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in a court, arbitration forum, or other dispute resolution forum.
(d) If the employee or consumer proceeds with an action in a court of appropriate jurisdiction, the court shall impose sanctions on the drafting party in accordance with Section 1281.99."

Defendants' failure to comply with AAA's policies regarding consumer claims set forth in AAA's Consumer Due Process Protocol and the Consumer Arbitration Rules, "including the Costs of Arbitration" is tantamount to a material breach of the arbitration agreements with Dobrina pursuant to Cal. Civ. Proc. Code § 1281.97(a)(1) and (2). Accordingly, Dobrina respectfully requests this Court deny Defendants' instant Motion in its entirety and allow this matter to proceed in this Court.

## IV.
## CONCLUSION

Based on the foregoing, Dobrina respectfully requests this Court deny Defendants' Motion to Compel Arbitration and Stay Court Proceedings, allowing this case to continue in this Court in the utmost interests of equity and justice.

Respectfully Submitted,

Dated: July 11, 2022        PASCHALL LAW

By:   /s/ Patrick D. Paschall
      Patrick D. Paschall, Esq.
      Attorney for Plaintiff,
      DOBRINA RUSSELL

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I am employed in the County of San Diego, State of California. I am over the |
| 3 | age of 18 and not a party to this action; my current business address is 4085 Pacific |
| 4 | Highway, Suite 106, San Diego, CA 92110. |
| 5 | On July 11, 2022, I served: |
| 6 | **PLAINTIFF DOBRINA RUSSELL'S OPPOSITION TO DEFENDANTS'** |
| 7 | **MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS** |
| 8 | on the interested parties in this action as follows: |

Tony Tootell (ttootell@foley.com)
Jessica N. Walker (jwalker@foley.com)
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Tel.: 213.972.4500
Fax: 213.486.0065
*Attorneys for Defendants,*
*WYNDHAM VACATION RESORTS, INC., and*
*PTVO OWNERS ASSOCIATION, INC.*

[X] BY CM/ECF Notice of Electronic Filing

[X] I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 11, 2022, at San Diego, California.

/s/ Patrick D. Paschall